**LAW OFFICE OF DAVID A. TORRES**
Attorney at Law (State Bar No. 135059)
1318 "K" Street
Bakersfield, CA 93301
Tel.: (661) 326-0857
Fax: (661) 326-0936
E-mail: lawtorres@aol.com

Attorney for:
LONNY RAY HAYCOCK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                ) | Case No.: 1:10CR00498-001 LJO |
|                                 Plaintiff,           ) | **SENTENCING MEMORANDUM** |
|          vs.                                          ) | |
| LONNY RAY HAYCOCK,                         ) | |
|                                 Defendant         ) | |

TO: THE CLERK OF THE EASTERN DISTRICT COURT, THE HONORABLE LAWRENCE J. O'NEILL, DISTRICT JUDGE, JEREMY R. JEHANGIRI, ASSISTANT UNITED STATES ATTORNEY, AND ROSS MICHELI, UNITED STATES PROBATION OFFICER:

CERTIFICATION: Sentencing Memorandum was timely filed.

     LONNY RAY HAYCOCK, by and through his counsel, DAVID A. TORRES, hereby submits his sentencing memorandum for the court's consideration. Defendant reserves the right to supplement this memorandum with additional evidence or argument at the sentencing hearing before this Court.  The following facts are presented in support of the premise that downward departure is warranted and Defendant should be sentenced to the low end of the agreed upon level 37.

# I.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant, LONNY HAYCOCK, is before the court for sentencing following his plea of guilty to the charge of sexual exploitation of a Minor, in violation of 18 U.S.C. section 2251(a) as alleged in Count 1 of the Indictment. The plea was entered in open court on January 13, 2012. The Court ordered a presentence investigation (PSI) report to be prepared and disseminated to counsel in preparation for sentencing. Defendant pled guilty pursuant to a written plea agreement.

When Mr. Haycock entered a plea in this case, he agreed to be sentenced to a range within Level 37, as this was the level stated in the plea agreement. Following receipt of the PSI, on March 5, 2012, it was brought to Mr. Haycock's attention that the Guideline calculation in his case was a level 40 and not a level 37. This was due to the application of the multiple count adjustment under section 3D1.4 and 2G2.1(d)(1). Mr. Haycock filed both formal and informal objections to the PSI based on the level 40 recommendation. However, the probation office has yet to change its recommendation in this case.

Not only did the plea agreement recommend a level 37 sentence, but it also included a stipulation by Mr. Haycock to not request a downward departure. However this stipulation was specifically made when Mr. Haycock believed his offense level was a 37. Therefore, in all fairness, Mr. Haycock is requesting the Court consider his argument for a departure under section 3553 and 5H1.6 if and only if the Court believes that a rigid application of section 3D1.4 must be applied. Mr. Haycock has been advised and is fully aware of all options available to him in this case following Probation's recommendation; however, Mr. Haycock is confident that the Court will consider and follow the Guideline that was negotiated in the plea agreement.

## II.
## THE COURT HAS THE AUTHORITY TO SENTENCE MR. HAYCOCK WITHIN THE AGREED UPON GUIDELINE RANGE

**A. THE GUIDELINE CALCULATION IS DISCRETIONARY UNDER *BOOKER***

The Sentencing Guidelines are no longer mandatory. *United States v. Booker*, 543 U.S. 220, 260-261. In *Booker*, the Supreme Court held that the mandatory Sentencing Guidelines

system violated the Sixth Amendment.  *Booker*, 543 U.S. at 226-227.  The Court went on to rectify this constitutional violation by modifying the federal sentencing statute to make the Guidelines advisory.  *Id.* at 245.  Accordingly, the facts of the case and the defendant's background have broadened the choice in sentencing significantly.  District Courts must still consider the Guidelines, but the court is permitted to modify the sentence in light of other statutory concerns.  The following cases support and illustrate the court's discretionary power when considering the Sentencing Guidelines.

- The Supreme Court found a sentence outside the Guidelines to be reasonable. *Gall v. United States*, 552 U.S. 38.

- The Court noted that courts may vary from Guideline ranges based solely on policy considerations, including a disagreement with the Guidelines. *Kimbrough v. United States*, 552 U.S. 85.

- The Court held that a district court may consider arguments that the Guidelines sentence fails properly to reflect section 3553(a) considerations. *Rita v. United States*, 551 U.S. 338, 350 (2007).

- The Court stated that judges are no longer tied to the sentencing range indicated in the Guidelines but are obliged to take into account the range along with the sentencing goals Congress enumerated in 18 U.S.C. section 3553(a) of the Sentencing Reform Act. *Cunningham v. California*, 549 U.S. 270, 286 (2007).

These cases, along with numerous other cases, denote the District Court's autonomy in making its own reasonable application of the section 3553(a) factors and to reject the advisory Guidelines when applicable.

Mr. Haycock is not requesting the Court depart from the negotiated and anticipated level 37 sentence.  However, he is requesting the Court consider a downward departure from a level 40 to a level 37 if the Court believes that a rigid application of the multiple victim analysis must be applied.

On March 5, 2012, the PSI was available to all parties.  The PSI recommended a level 40 sentence despite the agreed upon level 37 denoted the plea agreement.  This 3 level departure was based on application of the multiple victim analysis.  On March 19, 2012, informal objections to the PSI were faxed to the AUSA and the Probation Office.  There was no response from the AUSA.  Probation responded and indicated their recommendation would remain

unchanged.  (Please, See Attachment A)  A second objection to the PSI was filed with the Court on April 2, 2012. (Court Document 51) As of April 16, 2012, there has been no response from the Probation Office or the AUSA.

Mr. Haycock did not enter a plea as to all of the alleged victims.  Nonetheless, the Probation Office believes that he is subject to the multiple victim enhancement based on the language in section 2G2.1(d)(1).

**B.  *KOON* PERMITS THE COURT TO WEIGH ALL CIRCUMSTANCES AT SENTENCING**

18 U.S.C. Section 3553(b) requires a Court to sentence a defendant within the applicable Guideline range unless "the court finds that there exists an aggravating or mitigating circumstances of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."  See also, United States Sentencing Guidelines, (U.S.S.G.) Section 5K2.0.

Following the United States Supreme Court decision in *Koon*, the grounds available for downward departure are almost unlimited.  *Koon v. United States*, 518 U.S. 81, 104-106, 116 S.Ct. 2035, 2049-2050 (1996); *United States v. Green*, 152 F.3d 1202, 1207 (9th Cir. 1998).  The only grounds that the district court cannot use as a basis for a departure are those which Congress has expressly prohibited.  *Koon*, 518 U.S. at 105-106, 116 S.Ct. at 2050; *United States v. Green*, 152 F.3d 1202, 1207 (9th Cir. 1998). There are no statutory prohibitions in the instant case.

In appropriate cases, a court may depart on the basis of individual factors as well as based upon a combination of factors presented in any particular case individually or in combination lie "within the heartland given all of the facts of the case." *Koon, supra*, at 2047.  If the factors lie outside of the heartland of the guidelines applicable to the charge, the court may depart unless the factors are of a kind, which are specifically prohibited by the guidelines as a basis for a departure.  *Id*.

The factors Mr. Haycock wishes the Court to consider are not of a kind that is prohibited. Therefore, under *Koon*, Mr. Haycock is requesting the Court exercise its discretion and consider the plea agreement along with the factors outlined below.

## III.
## THE COURT CAN EXERCISE ITS DISCRETION UNDER SECTION 3553 AND SENTENCE MR. HAYCOCK WITHIN THE AGREED UPON GUIDELINE LEVEL

The Court should consider the factors set forth in 18 U.S.C. section 3553(a) when determining a sentence that is sufficient but not greater than necessary. Under this section, the Court is required to consider the need to impose a sentence that reflects the seriousness of the offense while also promoting respect for the law and a just punishment. A sentence that is excessive in light of the circumstances of the offense promotes disrespect for the law and provides unjust punishment.

In the current case, Mr. Haycock entered a plea agreement with the Assistant United States Attorney. That plea agreement reflected that a level 37 would be recommended based on all the circumstances and facts of the case. In coming to this agreement, the Assistant United States Attorney clearly considered the factors of section 3553. Based on the facts of the case, the alleged charges and Mr. Haycock's non-existent criminal record, the Assistant United States Attorney's made an agreement that reflected the seriousness of the charges, promoted respect for the law, but in turn did not impose an excessive sentence in light of the circumstances. At this time, all facts were known to the AUSA at the time the agreement was entered into. Therefore the Court should not disregard the agreement and impose a harsher punishment.

Even more, section 6B1.2 of the Federal Sentencing Guidelines states:

> In the case of a plea agreement that includes a specific sentence, the court may accept the agreement if the court is satisfied either that: (1) the agreed upon sentence is within the applicable guideline range or (2) (A) the agreed sentence departs from the applicable guideline range for justifiable reasons and (B) those reasons are specifically set forth in writing in the statement of reasons or judgment and commitment order.

Here, as pointed out by the probation office, the applicable guideline range in Mr. Haycock's case is a level 40 due to the alleged multiple victims. However, under section 6B1.2(2), the Court can accept a departed sentence for justifiable reasons. Here, as stated above, the AUSA entered into a plea agreement under the condition that Mr. Haycock would be

afforded a sentence within the level 37 range. This was not just an arbitrary level calculated by the AUSA. In fact, this was a reasonable calculation based on the facts, the seriousness of the offense and the requirement of a just punishment. Nothing in this case has changed since the plea agreement that would reflect a three level upward variance from the AUSA's agreed upon sentence, which considered all factors under section 3553. Mr. Haycock now requests the Court honor the plea agreement and sentence Mr. Haycock to 210 months, which is within the range agreed upon by Mr. Haycock and the AUSA.

## IV.
## MITIGATING FACTORS WHICH JUSTFIY A DOWNWARD DEPARTURE FROM THE SENTENCING GUIDELINES

**5H1.6 <u>Family Ties and Responsibilities</u>**

A departure based on family ties and responsibilities invites the Court's consideration of whether the sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential support to the defendant's family. After the Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) made the guidelines advisory, the Ninth Circuit has held that family ties may warrant a non-guideline sentence. See *U.S. v. Menyweather*, 447 F.3d 625 (2006). *Menyweather, supra*, held that the *Booker* decision permits the district court to consider family ties and responsibilities as part of the "history and characteristics" of the defendant under 18 U.S.C. section 3553(a)(1). In *Menyweather*, the Ninth Circuit approved and permitted a district court's downward departure for extraordinary family circumstances in combination with mental and emotional factors. When addressing family circumstances, the court emphasized that "court's should assess the nature of the care that the defendant provides to his or her family members and determine whether 'there are feasible alternatives of care that are relatively comparable' to the defendant's." *Menyweather*, 447 F.3d 625 (2006).

The defendant in *Menyweather* was the sole parent caring for her child at home and after school. She was the primary source of financial support. There was obviously a special

relationship with her child who had already lost one parent and had never been without her sole surviving parent.

Like the defendant in *Menyweather*, Mr. Haycock's family circumstances are such that there are no feasible alternatives of care that are comparable to the care that he provides for his ailing grandmother. Mr. Haycock has provided financial and emotional support to his grandmother throughout the years. Even more, Mr. Haycock is his grandmother's only remaining family member. Because of these factors, Mr. Haycock and his grandmother have an undeniable unique and special relationship.

Mr. Haycock's relationship with his grandmother is of such a unique nature that it must be considered by the Court at the time of sentencing. Mr. Haycock requests the Court to give him a chance to possibly reunite with his only remaining family member by following the plea agreement and sentencing him to 210 months, which is a substantial sentence even considering the alleged offense.

## CONCLUSION

Defendant LONNY HAYCOCK respectfully urges this Honorable Court to follow the plea agreement and sentence Mr. Haycock within the range that was stipulated to in the plea agreement. Even more, he request that the Court sentence him to a term of 210 months so he can maybe one day reunite and care for his elderly grandmother and have a chance at making a positive change in his life.

Dated: April 18, 2012                               /s/ David A. Torres
                                                    DAVID A. TORRES
                                                    Attorney for Lonny Haycock